IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF THE STATE OF OKLAHOMA

| | | |
|---|---|---|
| 1. JUAN A. DOMINGUEZ., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-21-653-SLP |
| | ) | |
| 1. WEISER SECURITY SERVICES, INC., | ) | Title VII Retaliation |
| | ) | Arising in Stephens County |
| Defendant. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for his cause of action herein alleges that:

## PARTIES

1. The Plaintiff is Juan A. Dominguez, an adult male who resides in Stephens County, Oklahoma.

2. Defendant is Weiser Security Services, Inc., a corporation doing business throughout the State of Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's claims are for retaliation for reporting and opposing sexual harassment and gender discrimination, in violation of Title VII of the Civil Rights Act of 1964. Jurisdiction over the federal claims is vested in this Court Pursuant to 42 U.S.C § 2000e-5(f)(1) and 28 U.S.C § 1331. The state law claims arising out of the same core of facts and jurisdiction is vested in this court

4. All of the actions complained of occurred in Stephens County and the Defendant may be served in Oklahoma County, Oklahoma. Both Stephens County and Oklahoma County are located in the Western District of the United States District Court of Oklahoma and the venue is proper in the Court pursuant to 28 U.S.C. § 1391(b) and

42 U.S.C S 2000e-5(f)(3).

## STATEMENT OF FACTS

5. Defendant at all relevant times employed fifteen (15) or more employees in each week of the year before, during, and after Plaintiff's termination.

6. Plaintiff was employed by Defendant from approximately May 20, 2010, until he was involuntarily terminated around June 19, 2020.

7. At the time of his termination, Plaintiff worked as a Day Shift Supervisor.

8. Plaintiff was qualified for his job and satisfactorily performed his job duties in a satisfactory manner before his involuntary termination. Plaintiff filled in for his supervisor on several occasions, most recently at the end of 2019 when Joseph Yates was on medical leave. Plaintiff was never officially given the title of Assistant Site Superior nor was he compensated for the extra responsibilities.

9. Plaintiff was involved in reporting sexual harassment and gender discrimination by Joseph Yates, Security Site Manager for Defendant.

10. On or around June 10, 2020, Plaintiff participated in protected activity when he cooperated in a Human Resources investigation by Charlene Lee Sutherlin, Vice President of HR. Plaintiff confirmed with Ms. Sutherlin that Joseph Yates favored women security officers, and the promotion process is unfair because of it. Ms. Sutherlin assured Plaintiff that their conversation would be confidential.

11. Plaintiff explained to Ms. Sutherlin that in the past, other employees came and confided in him about the unfairness. In the past, when Plaintiff passed these messages along to supervisors, per the Weiser handbook, Plaintiff felt pushed out and shunned.

12. Mr. Yates was aware that Plaintiff was cooperating with this investigation because

      Yates called the Plaintiff to meet with human resources about the investigation. On or around June 10, 2020, approximately 6 hours after Plaintiff spoke with Ms. Sutherlin, Joseph Yates called Plaintiff and demanded he gets everyone trained in proper Temperate Check Protocols and PPE by June 11th. Plaintiff spent the entire day on June 11th training fellow employees.

13. However, on June 12th Yates demanded Plaintiff and another co-worker go and retrain everyone on shift. While this was a time-consuming and unreasonable task, Plaintiff completed it.

14. On or around June 19, 2020, Joseph Yates and Mike Strickland, Assistant Vice President, took Plaintiff into a conference room. Strickland questioned Plaintiff about temperature check training, and Plaintiff told Strickland that he followed what Yates did when Yates trained other guards.

15. At that meeting Plaintiff was asked why he didn't come to work on June 13th for temperature checks. Plaintiff explained that this was not his regular work day and Yates never told him to come in that day, and if Yates had asked, Plaintiff would have shown up to work.

16. During the questioning with Strickland and Plaintiff, Yates was present the entire time.

17. On June 19th, 2020, Defendant involuntarily terminated Plaintiff's employment, stating it was due to "job performance issues." Plaintiff had never been written up for poor job performance while working for Defendant. In fact, in February 2020, Plaintiff was named Security Officer of the Month.

18. As a direct result of the Defendants' conduct, the Plaintiff has suffered, and continues to suffer, wage loss (including back, present, and front pay along with the value of

benefits associated with such wages) and emotional distress/dignitary harm including worry, sadness, frustration, and similar unpleasant emotions.

19. The actions of Defendant were carried out by supervising and management-level employees of the defendant and were in willful or reckless disregard of Plaintiff's federally protected rights for which reason an award of punitive damages is appropriate and should be granted.

20. Plaintiff timely filed a charge of discrimination on or about July 7th, 2020. Plaintiff was issued a right to sue letter on or about May 6th, 2021, and received thereafter. This lawsuit is timely brought within ninety (90) days of issuance of the right to sue letter. By these steps, Plaintiff has exhausted all administrative prerequisites to filing this suit.

**WHEREFORE**, Plaintiff request this court enter judgment in his favor and against Defendant and grant him all compensatory damages suffered, together with all damages, liquidated damages, attorneys' fees, costs and interest, and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 25th DAY OF JUNE, 2021.**

s/Mark Hammons
Hammons, Hurst & Associates
Mark Hammons OBA No. 3784
325 Dean A. McGee Ave.
Oklahoma City, OK, 73102
Telephone: (405) 235-6100
FAX: (405) 235-6111
kenzie@hammonslaw.com
JURY TRIAL DEMANDED
